IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 21 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01469-OES

ARMEN SAROYAN,

    Applicant,

v.

HOYT BRILL, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

Applicant Armen Saroyan is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Kit Carson Correctional Center in Burlington, Colorado. Mr. Saroyan has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1994 & Supp. 2005). He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Supp. 2005).

The Court must construe the habeas corpus application liberally because Mr. Saroyan is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Saroyan will be ordered to file an application.

Mr. Saroyan alleges that he was convicted in the Arapahoe County District Court on charges of second-degree kidnaping, first-degree sexual assault, and first-degree

burglary. On July 13, 2000, the judgment of conviction was entered. He appealed directly from the judgment of conviction to the Colorado Court of Appeals, which affirmed on December 11, 2004. On May 10, 2004, certiorari review was denied. On December 10, 2004, Mr. Saroyan filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. He alleges that he did not appeal from the judgment of conviction.

Mr. Saroyan has failed to complete the Court-approved form in a manner that makes clear the claims he intends to assert in this Court. He fails to assert any claims in his habeas corpus application. It is not clear to the Court whether he wants to assert here the same claims he raised in state court either on direct appeal or in his postconviction proceedings. From the attachments to the application, it also is unclear whether Mr. Saroyan has no intention of asserting habeas corpus claims at all, but rather intends to assert civil rights claims pursuant to 42 U.S.C. § 1983 (2003) and 28 U.S.C. § 1343 (1993) pertinent to his medical treatment.

Mr. Saroyan's habeas corpus application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); **Browder v. Director, Dep't of Corrections**, 434 U.S. 257, 269 (1978); **Ewing v. Rodgers**, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be

2

simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Saroyan's application fails to provide a short and plain statement of his claims showing that he is entitled to relief. He will be given a final opportunity to file an amended habeas corpus application to clarify his claims. In addition, Mr. Saroyan also must demonstrate that he has exhausted state remedies as to each asserted claim. *See* 28 U.S.C. § 2254(b)(1); ***Dever v. Kansas State Penitentiary***, 36 F.3d 1531, 1534 (10th Cir. 1994). If Mr. Saroyan actually intends to initiate a civil rights rather than a habeas corpus action, he will need to initiate a separate action, complete the appropriate Court-approved forms, and pay the appropriate filing fee. Accordingly, it is

ORDERED that Mr. Saroyan file **within thirty (30) days from the date of this order** an amended application that complies with this order. It is

FURTHER ORDERED that Mr. Saroyan's amended application shall be titled, "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Saroyan, together with a copy of this order, two copies of the following form for use in filing the amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Mr. Saroyan fails within the time allowed to file an

amended application as directed, the application will be denied and the action will be dismissed without further notice.

DATED at Denver, Colorado, this __21__ day of __September__, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01469-OES

Armen Saroyan
Prisoner No. 110436
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 9/21/05.

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk