IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-01469-MSK-KLM

ARMEN SAROYAN,

       Petitioner,

v.

JOSEPH ORTIZ, Exec. Direc., CDOC, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

       Respondents.

## ORDER ADOPTING RECOMMENDATION, DENYING APPLICATION AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE

THIS MATTER comes before the Court on a Recommendation **(#28)** by the Magistrate Judge that the Court deny the Petitioner's Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 **(#7)**. The Petitioner filed no timely objections to the Recommendation. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 2254 and 1331.

### II. Background

The Petitioner, Armen Saroyan, was convicted by a jury on September 7, 2001, of second degree kidnapping (with sexual assault), first degree burglary, and violation of a restraining order, under Colorado state law. He challenges the constitutionality of his convictions on four different grounds:

1. The jury instruction on second degree kidnapping that was given at trial lightened the government's burden of proof because the jury was given an improper definition of "seized and carried any person from one place to another."

2. The trial judge failed to instruct the jury on the lesser included offense of false imprisonment despite evidence demonstrating a rational basis for acquittal on the charge of second degree kidnapping.

3. The prosecutor engaged in misconduct during closing argument by making two improper, prejudicial statements.

4. The cumulative impact of errors during the trial denied him a fair trial.

The Magistrate Judge liberally construed these claims in accordance with *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). After considering the pleadings filed in this case, along with the state court record, she recommended that these claims be denied, on two alternative grounds. First, she determined that all of the claims are procedurally defaulted because they were not presented to the Colorado Supreme Court in any appeal. Second, she determined that the claims can also be denied on the merits.

### III  Standard of Review

Pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), a party may object to any portion of a Magistrate Judge's recommendation by filing specific objections within 10 days of the party's receipt of the recommendation. When timely objections are filed, the district court must review *de novo* the specific conclusions of the Magistrate Judge to which objections have been directed. 28 U.S.C. § 636(b)(1)(C); *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996). However, when no objections are filed, a district court may apply whatever standard of review it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

Here, the Petitioner has filed no objections to the Recommendation, notwithstanding the

extension of time he received for doing so **(#30)**. Thus, the Court reviews the Recommendation for clear error. In such review, the Court considers the applicable law and determines whether the Magistrate Judge correctly applied it. The fact that this Court might have decided the issues differently does not establish clear error. *See N.L.R.B. v. Viola Industries-Elevator Div., Inc.,* 979 F.2d 1384, 1387 (10th Cir. 1992). Rather, there is "clear error" if, upon review of the record, the Court "is left with the definite and firm conviction" that the Magistrate Judge made a mistake. *See Allen v. Sybase, Inc.,* 468 F.3d 642, 658 (10th Cir. 2006).

### IV. Analysis

Under 28 U.S.C. § 2254(b):

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

In determining whether the Petitioner exhausted his claims before the Colorado courts, the Magistrate Judge considered what arguments the Petitioner made during his direct appeal to the Colorado appellate courts, and what issues he raised in any motions for post-conviction relief and appeals from the denial of such motions. Comparing these, she determined that Claim 1 was presented to the Colorado Supreme Court only as an alleged violation of state, not federal, law,

3

and that Claims 2 through 4 were not presented to the Colorado Supreme Court at all. Thus, she concluded that all four claims were procedurally defaulted. She then considered whether the Petitioner demonstrated any cause for the procedural default, or any resulting prejudice, and determined that he did not. In specific, he had contended his appellate counsel was ineffective for failing to present these arguments to the Colorado Supreme Court, but the Magistrate Judge determined that no cause was shown for the default because such a claim of ineffective assistance of counsel was not independently presented to the state courts nor exhausted, as required by *Murray v. Carrier*, 477 U.S. 478 (1986). This was the proper analysis.

In determining whether the claims could also be denied on the merits, the Magistrate Judge applied the standard of review prescribed by 28 U.S.C. § 2254(d),[1] and caselaw interpreting it. In applying it, the Magistrate Judge first considered the state court's ruling (to the extent that there was one) on the issue, then evaluated whether it was contrary to, or constituted an unreasonable application of, clearly established federal law. She also presumed the correctness of the state courts' factual findings as required by 28 U.S.C. § 2254(e). Even where there was no state court ruling – suggesting a procedural default – the Magistrate Judge nevertheless identified the correct substantive law and applied it to the claims. Thus, the

---

[1] 28 U.S.C. § 2254(d) provides:
>  (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Recommendation is not clearly erroneous.

**IT IS THEREFORE ORDERED** that the Recommendation **(#28)** to the Petitioner's Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 **(#7)** is **ADOPTED**. The Application for a Writ of Habeas Corpus under 28 U.S.C. § 2254 **(#7)** is **DENIED**, and the Clerk of Court is directed to close this case.

Dated this 29th day of September, 2008

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge